## No. 5979.

### MARY E. JACKSON vs. W. L. JACKSON, HER HUSBAND.

Rule of plaintiff on Marqueze & Co. and five other creditors of the defendant.

The wife who claims property bought during the marriage as her own separate property must establish her pretensions by legal and sufficient proof. Mere impressions or inferences or probabilities will not suffice.

APPEAL from the Sixth District Court of New Orleans. SAUCIER, J.

*Jonas*, and *McGloin & Nixon* for Plaintiff. *Bright, A. & W. Voorhies, Bayne & Renshaw* for Creditors, Defendants in rule.

Mrs. Jackson owned a plantation in Mississippi, given her by her mother in 1854. A house and lot in New Orleans was bought in her name in 1869, she having been long before married, and there she and her husband lived. The creditors of her husband obtained judgments against him, and recorded them. She took a rule on them to shew why their judgments should not be decreed not to bear on her house and lot. They answered that the property was bought during the community and was liable for the husband's debts — that it was not bought with her means — that the revenues of the Mississippi plantation belonged to the community — and that the improved lot was bought really for her husband by Scott who was the husband's business partner, and who afterwards, and near the time of their failure in business, transferred it to her without consideration. She had obtained on this suit a judgment of separation of property and dissolution of community against her husband, but that judgment was not obtained until 1871, fifteen months after her acquisition of this house and lot.

DE BLANC, J., reviewed the testimony, which was found insufficient to sustain the allegation of the plaintiff, and announced the principle of law digested above.

*Judgment reversed.*